J-S23006-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DESEAN PROSSER, | |
| Appellant | No. 3102 EDA 2015 |

Appeal from the PCRA Order October 1, 2015
in the Court of Common Pleas of Philadelphia County
Criminal Division, at No(s): CP-51-CR-1016621-1993
CP-51-CR-1016721-1993
CP-51-CR-1016811-1993
CP-51-CR-1016921-1993

BEFORE:  PANELLA, J., OTT, J., and FITZGERALD[*], J.

MEMORANDUM BY PANELLA, J.                    **FILED MAY 03, 2016**

Desean Prosser ("Appellant") appeals *pro se* from the order dismissing as untimely his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The PCRA court summarized the pertinent facts and procedural history as follows.

> In November 1993, [Appellant] pled guilty to four counts of robbery, one count of carjacking, two counts of aggravated assault, two counts [of] simple assault, eight counts of possession of instruments of crime, twelve violations of the Uniform Firearms Act, and four counts of criminal conspiracy arising out of a one-week crime spree involving four separate gunpoint robberies. On February 7, 1994, this Court sentenced

---

[*] Former Justice specially assigned to the Superior Court.

[Appellant] to an aggregate sentence of twenty-five to eighty years of incarceration. [Appellant] filed an appeal, and on March 6, 1995, the Superior Court affirmed [Appellant's] judgment of sentence. ***See*** [***Commonwealth v. Prosser***, 660 A.2d 656 (Pa. Super. 1995) (Table)]. On February 2, 1996, the Pennsylvania Supreme Court denied [Appellant's] Petition for Allowance of Appeal. ***See*** [***Commonwealth v. Prosser***, 672 A.2d 306 (Pa. 1996) (Table)]. [Appellant] then filed a timely PCRA petition, which was denied on December 28, 1999[.] The Superior Court affirmed [the PCRA court's] denial of [Appellant's] PCRA Petition on August 22, 2000, ***see*** [***Commonwealth v. Prosser***, 764 A.2d 1127 (Pa. Super. 2000) (Table)], and [our] Supreme Court denied allocatur on March 6, 2001. ***See*** [***Commonwealth v. Prosser***, 771 A.2d 1282 (Pa. 2001 (Table))].

On February 18, 2015, [Appellant] filed a second [PCRA petition] in which he argued that he is serving an illegal sentence under ***Alleyne v. United States***, 133 S.Ct. 2151 (2013) because the trial court determined the deadly weapon enhancement applied, as opposed to the jury finding facts beyond a reasonable doubt which triggered the deadly weapon enhancement. After reviewing the Petition and the relevant precedent, this Court issued a notice of intent to dismiss the Petition pursuant to Pa.R.Crim.P. 907. [Appellant filed objections to the Rule 907 notice on August 19, 2015.] By Order dated October 1, 2015, this Court dismissed the Petition as untimely.

PCRA Court Opinion, 10/21/15, at 1-2.[1] This timely *pro se* appeal follows.

Appellant raises the following issue.

> AS THE PENNSYLVANIA SUPERIOR COURT AND SUPREME
> COURTS HAVE FOUND SECTION 9712 TO BE FACIALLY

---

[1] ***Alleyne*** is inapplicable to the use of the deadly weapon enhancement when determining a defendant's sentencing guidelines. ***See generally***, ***Commonwealth v. Buterbaugh***, 91 A.3d 1247, 1266-1271 (Pa. Super. 2014) (en banc). Although the PCRA court uses this phrase to describe Appellant's claim, it is clear from a review of the record that Appellant's aggregate sentence included several mandatory minimums under 42 Pa.C.S.A. § 9712. ***See*** N.T., 2/7/94, at 8-12.

UNCONSTITUTIONAL IN ITS ENTIRETY, IS [] APPELLANT ENTITLED TO RELIEF FROM HIS ILLEGAL SENTENCE AS THE STATUTE HAS BEEN UNCONSTITUTIONAL FROM THE DATE OF ITS PASSAGE AND INEFFECTIVE FOR ANY PURPOSE?

Appellant's Brief at 7.

We must first determine whether the PCRA court correctly determined that Appellant's second PCRA petition was untimely filed. This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *See Commonwealth v. Halley*, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *See Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001).

The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Murray*, 753 A.2d 201, 203 (Pa. 2000). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), is met. *See Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000). A PCRA petition invoking one of these statutory exceptions "shall be filed within 60 days of the date the claim could have been presented." *See* 42 Pa.C.S.A. § 9545(b)(2).

Appellant's judgment of sentence became final on May 2, 1996, when the ninety-day time period for filing a *writ* of *certiorari* with the United States Supreme Court expired. **See** 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct.R. 13. Therefore, Appellant needed to file the PCRA petition at issue by May 2, 1997, in order for it to be timely. Appellant filed the instant petition on February 18, 2015; it is untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. **See Commonwealth v. Beasley**, 741 A.2d 1258, 1261 (Pa. 1999).

Although Appellant challenges the legality of his sentence, this claim still must be presented in a *timely* PCRA petition. **See Commonwealth v. Taylor**, 65 A.3d 462, 465 (Pa. Super. 2013) (emphasis added). Appellant has failed to prove any exception to the PCRA's time bar.

As explained by the PCRA court:

[Appellant's] argument fails for two separate, but equally important, reasons. First, § 9545(b)(1)(iii) requires that the right be a constitutional right that was recognized by the United States Supreme Court [or the Supreme Court of Pennsylvania] "after the time period provided in this section and *has been held by that court to apply retroactively.*" 42 Pa.C.S. § 9545(b)(1)(iii) (emphasis added). Assuming *arguendo* the United States Supreme Court recognized a new constitutional right in **Alleyne**, neither the United States Supreme Court nor the Pennsylvania Supreme Court has held the right applies retroactively to cases in which the judgment of sentence had become final. **Commonwealth v. Miller**, 102 A.3d 988, 995 (Pa. Super. 2014). Stated differently, the Superior Court in **Miller** held the United States Supreme Court's decision in **Alleyne** applies only to cases which were pending, or on direct appeal at the time, **Alleyne** was decided; the **Alleyne** decision does not apply to cases seeking collateral review after the judgment of sentence has become final. Here, [Appellant's] judgment of sentence

became final in 1996. Accordingly, under **Miller**, the Supreme Court's decision in **Alleyne**, does not apply. **Miller**, 102 A.3d at 995.

Second, even if the **Alleyne** decision applied retroactively to cases seeking collateral review, the instant Petition is untimely. Section 9545(b) requires any petition invoking one of the timeliness exceptions to be filed within sixty days of the date the claim could have been presented. 42 Pa.C.S. § 9545(b)(2). In this case, the Supreme Court decided **Alleyne**, and thereby recognized a new constitutional right, on June 17, 2013. **See Alleyne**, **supra.** Accordingly, under § 9545(b)(2), any petition seeking relief based on the new constitutional right recognized in **Alleyne** would need to be filed no later than August 16, 2013. [Appellant] did not file the instant [Petition] until February 18, 2015 – 611 days after the United States Supreme Court decided **Alleyne**. For this [additional] reason, the instant Petition is untimely.

PCRA Court Opinion, 10/21/15, at 4-5.

Our review of the record supports the PCRA court's conclusions. **See also Commonwealth v. Riggle**, 119 A.3d 1058, 1067 (Pa. Super. 2015) (holding that, "**Alleyne** is not entitled to retroactive effect in [the] PCRA setting."). Thus, although **Alleyne** implicates the legality of Appellant's sentence, the PCRA court correctly concluded that it lacked jurisdiction to address Appellant's issue. **See Miller**.[2]

---

[2] Appellant's reliance upon several decisions from this Court, as well as our Supreme Court's decision in **Commonwealth v. Hopkins**, 117 A.3d 247 (Pa. 2015), is inapposite because these cases involved direct appeals rather than post-conviction challenges to judgments of sentence that had already become final. **See** Appellant's Brief at 9-15.

In sum, the PCRA court correctly concluded that Appellant failed to establish any exception to the PCRA's time-bar. The PCRA court therefore properly dismissed Appellant's third PCRA petition as untimely filed.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/3/2016